IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JACOB DUFFEE | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-11-CV-2103-B |
| | § | |
| MH.S ENTERPRISES, INC. | § | |
| | § | |
| Defendant. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil action brought by Jacob Duffee, individually and on behalf of the members of the Texas Association of Disabled Persons ("TXADP"), against MH.S Enterprises, Inc., the owner and operator of Top Cat Restaurant in Dallas, Texas. On August 23, 2011, plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this action, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Two sets of written interrogatories then were sent to plaintiff in order to obtain additional information about the factual basis of this suit. Plaintiff answered the interrogatories on August 30, 2011 and September 19, 2011. The court now determines that plaintiff's complaint should be summarily dismissed for lack of subject matter jurisdiction.

II.

Plaintiff, who allegedly suffers from a psychological anxiety disorder, contends that he has encountered "architectural barriers" at Top Cat Restaurant which discriminate against him and other disabled persons in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, the ADA Accessibility Guidelines, 28 C.F.R. Pt. 36, App. A, and Texas law. (*See* Plf. Compl. at 3-9, ¶¶ 9-38); Mag. J. 1st Interrog. #1). In particular, plaintiff alleges that the following structural barriers prevent him and others from participating in or benefiting from the goods, services, facilities, privileges, or accommodations provided by defendant:

- grab bars in the restrooms are missing;

- the sides of curb ramps are not flared;

- pipes underneath the restroom sinks are not insulated or otherwise configured to protect against contact;

- signs designating permanent rooms and spaces do not comply with federal or state guidelines;

- mirrors in restrooms are located above lavatories or countertops with bottom edges of the reflecting surface exceeding 40 inches and top edges below 74 inches;

- door pulls require tight grasping and pinching;

- accessible parking spaces are not designated as reserved by signs showing the symbol of accessibility; and

- accessible parking spaces lack adjacent access aisles.

(*See* Plf. Compl. at 6, ¶ 26; Mag. J. 1st Interrog. #5). By this suit, plaintiff seeks actual or statutory damages, a permanent injunction, and declaratory relief on behalf of himself and the members of TXADP. (*See* Mag. J. 1st Interrog. #2).

A.

The threshold issue in this case is whether plaintiff has standing to sue for violations of the ADA and its Texas counterpart, Tex. Hum. Res. Code § 121.001, *et seq.*[1] "The doctrine of standing addresses the question of who may properly bring suit in federal court." *The Inclusive Communities Project, Inc. v. Texas Dept. of Housing & Comm. Affairs*, No. 3-08-CV-0546-D, 2008 WL 5191935 at *2 (N.D. Tex. Dec. 11, 2008). To satisfy the case-or-controversy requirement of Article III of the Constitution, plaintiff must establish that he has "suffered 'injury in fact,' that the injury is 'fairly traceable' to the actions of the defendant, and that the injury will likely be redressed by a favorable decision." *Id.*, 2008 WL 5191935 at *2, *quoting Bennett v. Spear*, 520 U.S. 154, 162, 117 S.Ct. 1154, 1161, 137 L.Ed.2d 281 (1997). An injury in fact must be "concrete and . . . actual or imminent, not conjectural or hypothetical." *Id.*, *quoting Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351 (1992). Moreover, "the injury must affect the plaintiff in a personal and individual way." *Id.*, *quoting Lujan*, 112 S.Ct. at 2136 n.1. At a minimum, "Article III requires a party invoking federal jurisdiction to show that he has personally suffered some actual injury or is in immediate danger of sustaining some direct injury in fact as a result of the allegedly illegal conduct of the defendant." *See Ass'n for Disabled Americans, Inc. v. 7-Eleven, Inc.*, No. 3-01-CV-0230-H, 2002 WL 546478 at *2 (N.D. Tex. Apr. 10, 2002), *citing Lujan*, 112 S.Ct. at 2136. In the context of an ADA action, a disabled plaintiff only has standing to assert those claims related to *his* disability. *Id.*

Here, plaintiff alleges that he has encountered architectural barriers at defendant's restaurant that prevent him and other disabled individuals from enjoying the goods and services offered to the

---

[1] Like the ADA, the Texas statute guarantees that "[p]ersons with disabilities have the same right as the able-bodied to the full use and enjoyment of any public facility in the state." TEX. HUM. RES. CODE ANN. § 121.003(a) (Vernon 2003).

general public. (*See* Plf. Compl. at 3, ¶ 11).  These barriers include inaccessible parking spaces,

entrance ways and restrooms, and inadequate signage and door handles. (*Id.* at 6, ¶ 26; Mag. J. 1st

Interrog. #5).  However, plaintiff does not suffer from any kind of *physical* disability.  Rather,

plaintiff has a psychological anxiety disorder, which he describes as "an irrational fear of 'being

judged negatively by others and [which] leads to feeling of inadequacy, embarrassment, humiliation,

and depression.'" (*See* Mag. J. 2nd Interrog. #1) (internal quotations and citations omitted).  When

asked to explain how his psychological anxiety disorder prevents him from participating in or

benefitting from the goods, services, facilities, privileges, advantages, or accommodations provided

by defendant, plaintiff responded:

> Because of the Plaintiff's affiliation with the Texas Association of
> Disabled Persons -- a disability rights organization -- Defendant's
> failure to provide accommodations [to remove structural barriers] has
> caused, and will continue to cause Plaintiff to fear a feeling of
> embarrassment, humiliation, and judgment while visiting the
> property.  Unless the described accommodations are provided,
> Plaintiff fears that patronizing or visiting Defendant's place of public
> accommodation will be seen by others as an "endorsement" of
> Defendant's acts and omissions, thus, subjecting him to public
> ridicule, compromise his reputation as a disability rights advocate,
> and will cause feelings of embarrassment, humiliation, and judgment.
> Such a fear of feeling embarrassment, humiliation, and judgment has
> and will continue to aggravate the Plaintiff's disability while visiting
> the property, causing him to be unable to participate in or benefit
> from the goods, services, and facilities provided by the Defendant,
> without experiencing -- due to his condition -- problems
> concentrating, reading, speaking, communicating, learning, thinking,
> and or interacting with others at Defendant's place of public
> accommodation.

(Mag. J. 2nd Interrog. #1) (emphasis in original).  The court rejects this thinly-disguised attempt to

circumvent the "direct injury" requirement necessary to establish Article III standing.  It is clear that

none of the architectural barriers identified by plaintiff in his complaint and interrogatory answers

prevent him from participating in or benefitting from the goods and services offered by defendant

on account of his psychological anxiety disorder.  Consequently, plaintiff cannot sue for disability discrimination under the ADA and Texas law.  *See Ass'n for Disabled Americans*, 2002 WL 546478 at *2.

B.

Plaintiff also seeks injunctive and declaratory relief on behalf of TXADP, a disability rights organization operated as a sole proprietorship, whose members allegedly include persons suffering from COPD, nerve damage in their ears, Bell's Palsy, severe arthritis, and diabetes. (*See* Plf. Compl. at 4, ¶ 15).  The court initially questions whether TXADP is an association or organization that has standing to bring suit on behalf of its purported members.[2]  Instead, plaintiff states that he is "doing business" under the assumed name of TXADP.  (*See* Mag. J. 2nd Interrog. #2).  Under Texas law, a sole proprietorship is not a legal entity separate and distinct from the individual owner doing business in that name.  *See M3Girl Designs, LLC v. Purple Mountain Sweaters*, No. 3-09-CV-2334-G, 2010 WL 304243 at *2 (N.D. Tex. Jan. 22, 2010) (citing Texas cases) ("a sole proprietorship has a legal existence only in the identity of the sole proprietor").  But even if TXADP somehow has associational standing to bring suit on behalf of its purported members, plaintiff, who is not a licensed attorney, cannot represent the interests of those members.  Although plaintiff can represent himself in this litigation *pro se*, the court has determined that he lacks standing to sue for disability discrimination under the ADA and Texas law.  Plaintiff cannot circumvent the Article III standing requirement by acting as a non-lawyer representative for purported members of his disability rights organization, which is nothing more than an assumed name for plaintiff himself.  *See Gonzales v.*

---

[2]  In order to establish associational standing, TXADP would need to prove that:  (1) its members would independently meet the Article III standing requirements; (2) the interests the association seeks to protect are germane to the purpose of the organization; and (3) neither the claim asserted nor the relief requested requires participation of the individual members.  *See Texas Democratic Party v. Benkiser*, 459 F.3d 582, 587 (5th Cir. 2006), *citing Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 343, 97 S.Ct. 2434, 2441, 53 L.Ed.2d 383 (1977).

*Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998) (in federal court a party can represent himself or be represented by an attorney, but cannot be represented by non-lawyer).

## **RECOMMENDATION**

Plaintiff's complaint should be summarily dismissed without prejudice for lack of subject matter jurisdiction.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:   September 26, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE